UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT PHILLIP LEWIS,

                Plaintiff,

v.                                                8:23-cv-01636 (AMN/CFH)

ESSEX COUNTY, NY, *et al.*,

                Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I. INTRODUCTION

On December 26, 2023, Plaintiff *pro se* Scott Phillip Lewis ("Plaintiff") filed a complaint alleging federal and state law claims against Essex County, New York, and others ("Defendants") arising from Plaintiff's traffic violations and their adjudication in Lake Placid's village court. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 9.

This matter was referred to United States Magistrate Christian F. Hummel, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on May 1, 2024, recommended that (i) the Complaint be dismissed; (ii) Plaintiff's motion for reconsideration, *see* Dkt. Nos. 7–8, be denied as moot; and (iii) Plaintiff receive 30 days to amend some of his claims against certain Defendants.

Dkt. No. 9 ("Report-Recommendation"). Magistrate Judge Hummel advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 50–51.[1] After requesting and receiving an extension of time to file objections, Plaintiff did so. Dkt. Nos. 11–13.

For the reasons set forth below, the Court[2] rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

**II.   STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[2] This case was reassigned to the undersigned on October 21, 2024. Dkt. No. 14.

2

recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for

purposes of this decision.

The Report-Recommendation recommends dismissal of the Complaint for failure to state a claim. Dkt. No. 9. More specifically, Magistrate Judge Hummel found that many of Plaintiff's claims are against Defendants who are absolutely immune from suit. *Id.* at 11–19. As a result, Magistrate Judge Hummel recommended dismissal of those claims with prejudice and without leave to amend. *Id.* at 49. Magistrate Judge Hummel further found that Plaintiff failed to allege facts sufficient to support his remaining claims under any of the constitutional provisions, federal statutes, or state common law doctrines upon which the Complaint relies. *Id.* at 19–47. However, Magistrate Judge Hummel also determined that Plaintiff could, conceivably, plead some of these claims in a colorable fashion against certain Defendants. As a result, Magistrate Judge Hummel recommended that some of Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") against certain Defendants be dismissed without prejudice and with leave to amend. *Id.* at 48–50. Magistrate Judge Hummel also recommended that Plaintiff's state law claims against certain defendants be dismissed without prejudice and with leave to amend. *Id.* at 49. Finally, Magistrate Judge Hummel recommended that the Court deny as moot Plaintiff's motion for reconsideration of the earlier decision not to issue summons to certain Defendants. *Id.* at 50. As Judge Hummel recommends dismissal of the Complaint, such dismissal would mean that no party exists to whom a summons could be issued.

In his objections to the Report-Recommendation, Plaintiff largely contends that Magistrate Judge Hummel construed the Complaint too broadly and included parties Plaintiff did not intend to sue. Dkt. No. 13 at 1–2. In conclusory fashion, Plaintiff asserts that he intended to sue only the two municipal Defendants and further argues that he pled sufficient facts against these

4

municipalities to state his claims. *Id.* at 2–3. Plaintiff does not address any of Magistrate Judge Hummel's substantive conclusions about the legal insufficiency of the Complaint's claims. To the extent Plaintiff's conclusory arguments constitute specific objections, they are unpersuasive. *Petersen*, 2 F. Supp. 3d at 228–29. Having reviewed the Complaint with the special solicitude afforded *pro se* pleadings, the Court agrees with Magistrate Judge Hummel's assessment of Plaintiff's claims. The Court also agrees with Magistrate Judge Hummel that Plaintiff has failed to state a claim against any Defendant or individual named in the Complaint, and that many of those individuals are exempt from suit because of immunity. Finally, because the issuance of summonses is unnecessary in light of the Report-Recommendation and this Court's determination, Plaintiff's arguments on this issue are rejected as moot.

In sum, the Court agrees with Magistrate Judge Hummel's findings and recommendations for the reasons set forth in the Report-Recommendation. Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 9, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED, in part with prejudice and without leave to amend, and in part without prejudice and with leave to amend**,[3] as follows:

- Plaintiff's claims against Judge David Coursen, Justice Dean Dietrich, Justice Richard Meyer, and Assistant District Attorney Kenneth Border, Jr., are **DISMISSED with prejudice and without leave to amend**;

---

[3] As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 9 at 48–49, 48 n.13.

- Plaintiff's ADA and RA claims against Victoria Duffy are **DISMISSED with prejudice and without leave to amend**;

- Plaintiff's Section 1983 claims against the Village of Lake Placid, Essex County, Officer Sorrell, Deputy Pat Kane, and Victoria Duffy are **DISMISSED without prejudice and with leave to amend**;

- Plaintiff's ADA and RA claims against the Village of Lake Placid and Essex County are **DISMISSED without prejudice and with leave to amend**;

- Plaintiff's state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress against the Village of Lake Placid, Essex County, Officer Sorrell, and Victoria Duffy are **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Hummel for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration, Dkt. No. 8, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: December 9, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.